UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDIRIZAK ABDIYOW,

    Plaintiff,

v.

CHRISTOPHER BECKER, et al.,

    Defendants.
_____/

CASE No. 1:24-CV-1349

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation (ECF No. 9) and Plaintiff's Objection to the Report and Recommendation (ECF No. 10). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends dismissing this case under *Younger* abstention. Plaintiff's objections fail to deal in a meaningful way with the Magistrate Judge's analysis. The Magistrate Judge carefully and thoroughly considered the record and the governing law. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's objections changes the fundamental analysis. The Court agrees that Plaintiff's Complaint must be dismissed for the very reasons articulated by the Magistrate Judge. Abstention under *Younger* simply leads to dismissal of the complaint without prejudice pending the completion of state criminal proceedings. Those proceedings are ongoing, and no amendment can overcome that. Plaintiff believes that he can meet the bad faith exception of *Younger* abstention. But "[t]he history of the bad faith exception demonstrates that it is extremely narrow." *Frost v. Nessel*, 712 F. Supp. 3d 1008, 1015 (W.D. Mich. 2024) (Jonker, J). Nothing in Plaintiff's objections persuades the Court that Plaintiff could meet the exacting requirements.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 9) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Court will **ABSTAIN** from exercising jurisdiction under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE**. *See, e.g.*, *Watts v. Burkhart*, 854 F.2d 839, 844 (6thCir. 1988) ("*Younger* established the principle that in cases seeking to enjoin ongoing state criminal proceedings, federal

courts should not exercise jurisdiction but instead should dismiss the cases in their entirety." (citing *Gibson v. Berryhill,* 411 U.S. 564, 577 (1973))).

Dated:   February 7, 2025               /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE